The first case this morning, agenda number five, docket number 1-2-3-8-5-3, Carmichael v. Union Pacific Professional Transportation at Elm. We have a couple of attorneys on behalf of the appellant, intervener appellant, and I see you've agreed to divide your time. The clerk will give you a three-minute warning, a yellow light, and then if you exceed the time the first person does, you take it away from the second. So appellants, if you're ready, Mr. Siegel, are you preceding first? Good morning, Mr. Chief Justice, and may it please the Court, I'm Assistant Attorney General Ed Siegel on behalf of the Illinois Secretary of State. Mr. White, counsel. This morning, Your Honors, I'm going to address several issues. Jurisdiction of the Court, the withstanding of Professional Transportation Corporation to bring this lawsuit, and finally, special legislation to challenge Section 811C of the Illinois Vehicle Code. And my colleague who represents the plaintiff, Mary Terry Carmichael, will speak about the project of action and other matters. To begin with jurisdiction, Your Honors, there are two independently sufficient reasons for this Court to dismiss this appeal. They take the appellate court and finally the PLA to be positively granted. First, the very decision before you that you are hearing on review, the appellate court decision and the basis for the PLA, originate from the denial of a motion to dismiss filed by PTI, which it lost. But it's an elementary principle of jurisdiction that this Court does not have a jurisdictional basis under Rule 301 to entertain, through new orders, denying motions to dismiss or, by the same token, decisions denying a court's motions for summary judgment. The appellate court's decision originates from a denial. And Carmichael's voluntary dismissal for remaining count one against PTI at the end of the litigation does not convert that non-final order into a final order. And none of the cases cited by PTI to find jurisdictional stakeholder non-final orders do not become final through the magical effect of a voluntary dismissal. Indeed, this Court's decisions in cases like Richter and Ryan make clear that the filing of a voluntary motion to dismiss then allows the appeal of any final order, not final order. And that's what the Circuit Court did here in July of 2015 on its decision concerning Section 8101C and the implied private right of action. Is it true, counsel, that PTI conceded in the appellate court that the trial court's ruling on whether Section 8-101C creates a private right of action was not final and appealable? They did. They did, Your Honor. They urged the court, nevertheless, to reach that issue in the service of the principle of the constitutional right. In other words, the appellate court should have decided the statutory question first, notwithstanding the lack of a final decision, to avoid deciding the constitutional basis of the trial. And that's what the appellate court did. It decided only the private right of action issue. But there's no concept of jurisdiction or judicial efficiency that allows PTI to have it both ways. This Court determined the private right of action issue that they urged in the appellate court to avoid the constitutional issue, while Ms. Carmichael has simultaneously, pending in the Circuit Court, its claim against PTI. That's an impermissible claim study and an inefficient use of judicial resources. So on that basis alone, this Court should dismiss this appeal. But that brings me to a second independent problem and another basis for dismissing the appeal. There's no room for a language for PTI to appeal the Circuit Court's grant in this instance of a secretary's motion to dismiss PTI's constitutional challenge. The appellate court's decisions in two cases addressed this issue in North Community Bank in Ikewood. And they hold that in 304A language, it's a necessity for a counter-plaintiff, that's PTI's role here, seeking to appeal a counter-defendant's successful motion to dismiss. And that alone dooms the counter-claim relief that PTI seeks in this Court, the constitutional question. Now, to be sure, neither of those cases that I just cited in the appellate court address the issue that Hudson and other decisions in this Court discuss concerning the effect of a voluntary dismissal on a counter-claim. That's a voluntary dismissal of the originating claim combined with a counter-claim. So this appears to be the issue of first impression. But the concerns in all of this Court's jurisprudence about claim-splitting and judicial efficiency apply with equal force, and maybe more so. There's no sense – we have claim-splitting right now, at this moment. There's no sense in this Court reaching a constitutional question at the center of the counter-claim when the corresponding claim itself, the originating claim, remains down in the Circuit Court State without 304 authority. We know from this Court's recent decision in the Carl Foundation case that the concept for determining the analytical framework, if you will, for determining whether 304a language applies, is whether the decision is a discrete claim or alternatively just an issue, subsidiary. Here, the counter-claim is, in substance and designation, a claim. It could have been brought, perhaps as an affirmative defense, but instead PTI brought a claim against Carmichael, against the Secretary. A claim connected, of course, to the originating claim that's inextricably connected to that original claim. Regardless of how – Can we go back for a second? Yes. The relief you're requesting, right? You said to dismiss – if we agree with your position that there isn't jurisdiction, aren't you really asking us to find as such and vacate the appellate court? Yes. Because I think first you indicated we should dismiss the appeal here as improvidently granted. Dismiss the appeal, vacate the appellate court, find the appeal as improvidently granted, that trio of relief. And that would be if Carmichael, where she now is, in a circuit court, against PTI, would that claim – And what about the appellate court decision? The decision would be vacated as Justice's Court, vacated in the Fourth District's decision, Carl Foundation. Regardless of how this Court decides a constitutional question, as I just mentioned, the Court faces the potentiality of another appeal from that circuit court action that can yield any number of different issues. Trial issues. In a few years, this Court or the appellate court could be hearing appellate issues, and that's not a sensible use of judicial resources. PTI had a number of options at its disposal. We could have passed the Rule 304A language at two different junctures, when the circuit court decided the constitutional question, when Carmichael voluntarily dismissed her remaining claim. Now, even if this Court finds that jurisdiction exists, there's another threshold problem. There is no actual controversy here to give PTI standing to seek declaratory judgment on the constitutional question. The standing is absent for two reasons. First, PTI is not being prosecuted by any law enforcement agency for lacking the requisite insurance under the statute of the vehicle code. Second, it's not under any threat of prosecution. The statute of limitations for this accident, which governs class A misdemeanors, expired six years ago in 2013. So, in addition to the jurisdictional flaws, the cases due by PTA, PTI's lack of basis for declaratory judgment. Finally, to the merits. If there's jurisdiction and if there's standing, the special legislation hardly fails on the merits, because Section 8101C did not favor a special group. And here, I want to emphasize, despite PTI's fixation on railroad employees who are union members, Section 8101C applies to any employee, whether they work in the private sector or a common carrier, transported to work by a subcontractor of your employer. And that's a potentially large group of employees. I'm sorry, a large group of persons. And the category in question is not similar in situation to the examples that PTI highlights. It's not like business or leisure travelers who use taxi or livery services or rental car vans. Those individuals have choices. It's different from children who are transported to school. Each day, it's school buses that are driven by professionally trained drivers, commercial driver's licenses. By contrast, these employees, like Carmichael, are required by their work to ride with contract carriers operating smaller vans or SUVs. They do not have choices. And they don't have at the wheel, necessarily, drivers with specialized licenses. There's nothing on the record about the level of professional training or the regimen of testing that goes on for PTI's drivers. So, in short, the group that benefits from Section 8101C is uniquely situated. And that should end the sports analysis. It doesn't need to go on to the second part of special legislation analysis, which requires a rational basis for legislation. And we have that here, too. There's no need to rely on legislative history. That plays no role when a statute's purpose is easily discernible from its language. And, again, we come back to the lack of choice for this group of vulnerable employees who face, in certain types of accidents, only $20,000 of insurance recovery for underinsured and uninsured motor insurance. That was a sufficient reason for the General Assembly to require more adequate insurance coverage. And as PTI's contentions about fault, I want to say, are overly formalistic and ignore some of the realities of car accidents, vehicle accidents. They discuss how the situation of a fault being laid with the driver of another vehicle versus the driver of the PTI van. But a trained, experienced driver of a vehicle can take evasive action when, say, another driver swerves into his lane and is at fault for doing that. Swerving in one car accident can be deemed the fault of that single driver or the driver of the PTI-type vehicle. So with these types of vehicles, we do not have, necessarily, a trained professional driver at the wheel. And the General Assembly couldn't recognize that. Union Pacific's employees who travel, I see my time is up. So I will yield to my colleague. And if the Court doesn't have further questions, I will come back. Thank you, Mr. Siegel. Mr. Bischoff? Thank you, Your Honors. May it please the Court, I represent Mary Terry Carmichael, Helen in this case. State your name, please, for the record. Oh, John Bischoff, I'm sorry. Thank you. One of the issues that the defense has brought up was that there's an ambiguity on the design to carry 15 or fewer passengers. And I think that it's pretty clear that means vehicles that are up to 15 capacity and lower that are carrying passengers. A point that I put out, that I brought out in my brief was that the Illinois State Board of Education talked about the 10 or less passengers in a vehicle. And they described them as cars, station wagons, suburbans. Not all of them have that capacity of 10 passengers. So they understand that we're talking about when it's a design to carry 15 or fewer passengers, we're talking about all the vehicles up to the 15 passenger capacity vehicle. So I think it's pretty clear that it's not ambiguous. It's pretty clear in the industry that it's understood what it's meant. I'm here because of the claiming that we have an implied private right of action. Clearly the plaintiff is a member of the class whose benefit that this underinsured and uninsured provision was enacted for PTI to have. Plaintiff's injury, she was injured in a vehicle accident. Certainly the statute was designed to prevent her problems of having all these medical bills and loss of income and whatever. And a private right of action is consistent with the underlying purpose of the statute, which is clear here because PTI did not have the coverage. And also, well, the first three criteria had already been decided in favor of the plaintiff in the lower court and the telecourt. Implying a private right of action is necessary to provide her an adequate remedy. Because right now she's in the same position as if the statute was never enacted. And they cite the Nyola case, but the Nyola case also says that – I want to be clear that I covered it. The state court view is that conduct violating legislative rules is negligent. And if a statutory violation approximately causes an injury of the kind the legislature had in mind when it enacted the statute, the offending party is civilly liable for that injury. In this case, we don't even have approximate cause. We got a direct result of them not following the statute. So there is a cause of action here that should be allowed. And Nyola further says that when a legislative provision protects a class of persons by prescribing or requiring certain conduct but does not provide a civil remedy for that violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of legislation and needed to assure the effectiveness of the provision, according to an injured member of the class, a right of action using suitable existing tort action for a new cause of action analogous to the existing tort action. And that's what we have here. We have the court saying that this is a negligence, a negligent act by them not following the statute. So we do have a cause of action here. Now, also in the Rogers case that I cite, the threat of liability is much more efficient method of enforcing the regulation than requiring the public health department to hire inspectors to monitor the compliance of hospitals with the provisions of the act. We have that problem here. We have them violating the statute, and we have neither the secretary of state or the attorney general filing charges against them. So if you're not going to enforce it, it's like they're not going to follow the law. Here, there's a potential that, okay, you get in an accident and you don't have the coverage, you're going to be liable for that amount of money, the $250,000 back then, now $500,000 per passenger. So I think that we should have a private right of action. I think that's all I have. Thank you. Thank you, Mr. Bishop. Mr. Griffin? May it please the Court, Hubert and George Frank on behalf of Professional Transportation Inc., otherwise known as PTI. I've got a little dilemma here. There's three substantive issues that we've briefed pretty heavily here. It does, should a private right of action be applied for an alleged violation, 5-8-101, two, does the statute's ambiguous reference to 15 passenger vehicles create a situation under the rule of lenity or constitutional vagueness that renders it inapplicable to PTI six passenger vans? And then most importantly, I would say, does the statute's increased UM-UIM coverage impose $250,000 at the time of this accident, now increased to $500,000 beyond the 25-50, the normal amount, for just one narrow group of operators of vehicles for hire, in favor of just one narrow group of passengers who ride in such vehicles, does that constitute discriminatory, arbitrary legislation, violative of our prohibition against special legislation, and also violative of vehicle protection laws in the U.S. and the United States. So I've got arguments for all that. But so the procedural issues have been raised. I feel that our brief has adequately answered that, but I can't assume that you feel that way. So... Mr. Griffin, what authority did the appellate court have to address the merits of the plaintiff's case? Well, the community says, well, you can't appeal from a denial of a motion to dismiss, and nobody's quarreling with that. If the appellate court considered the private right of action issue, under the ability of all courts, of reviewing courts, including this one, when there's a constitutional issue raised, the court will look to see is there some other issue that could resolve this case and preclude us from having to get to the constitutional issue. In, I think it was Marconi and Flynn, you said we're going to look at those issues that can avoid a con law issue, even though they weren't raised below in one case, and in another case you said, well, the issue's probably waived, but we're going to, within our ability, in a con law case, look to see if there's another ground. We're going to do that. So the appellate court, Your Honor, I think was well within the ambit of that rule. The motion to dismiss was not a final order. That case that was entered had been dismissed, so the point is it's still a valid basis for the court to look to see is there some reason we don't have to get to the con law issue. I think they were well within their ability to do that, and I don't think there's any jurisdiction issue. We've been up and down in front of this court before on this issue of if there's a final order entered, and this was a final order under Rule 273, involuntary dismissal of our counterclaim. There was no 304A language when it was entered, but now a year later, all the other defendants have been dismissed, and Flynn has dismissed the entire action. That then renders that final order, final order of the people. As you said, as you've been, it's well settled that final orders entered in a case become appealable following involuntary dismissal, and I'm sure if we hadn't appealed it, and we were somewhere in another court trying to argue the con law issues, they'd be arguing, hey, it's over. You didn't take an appeal. That was a final order. Does PTI's counterclaim, was it subject to the standing requirement independent of the plaintiff's complaint? In other words, could you have standing for that counterclaim without the plaintiff's? I think we could. Obviously. Was PTI injured, any way injured by that statute? Absolutely. I think we put in the record that, of course, we're threatened, and we have the threat of criminal. But you have a threat. But we put in the record. But wasn't the statute of limitation already gone? So at the time of the filing of the counterclaim, I think the statute of limitation was one year and six months for the misdemeanor, and it was already passed. So was there actually standing for your counterclaim to actually stand by itself? Aside from the private right of action. Obviously the private right of action exists. We've got standing because we're being sued for $250,000 under what we think is an unconstitutional statute. But let's assume that there isn't a private right of action. You held the court was correct. Do we still have standing to raise the issue? I would submit that we do. We put in the record that it costs $540 a vehicle to comply with this new high level of UN coverage, and that was before it was raised to $500. So now we're looking at $1,100 some dollars a vehicle. So that's a financial burden placed on us by what we believe is an unconstitutional statute. The secretary says no, additional expenses incurred because of an unconstitutional statute don't give you standing. The only case they came up with for that was a Missouri case, Lieberman v. Cervantes, 511 Southwest 2nd 835. It was a pawnbroker. The statute required him to put in cameras, and it cost $400, and he brought suit challenging the constitutionality of the statute. And the Missouri court entertained the challenge on its cameras. It didn't hold anything of standing. So if you look at McKinsey, we cited that in our brief. A taxpayer had standing to challenge the constitutionality of the statute affecting his tax liability. Again, the secretary cites an old case, Wexler v. Collins. That was a case where a taxi company back in 1925 challenged this initial statute, this initial statute requiring higher liability limits for all vehicle operators. But back to my question about the statute of limitations having passed, would you have standing for a counterclaim without the underlying? We're being financially impacted by what we believe is an unconstitutional statute. We're having to buy that insurance. It's costing us money. And as I say, this Wexler case was the first in 1925 when this statute was first enacted. It said you've got to have higher liability limits if you're carrying passengers for hire. The taxi company challenged that. It lost, but nobody questioned its standing. In other words, it's impacted by this statute. It's got to now come up with more money to buy more insurance under this statute. So in answer to your question, we believe we would still have standing without the implied private right of action. Mr. Griffin, I'd like to go back for a second to your dilemma on your comments on the jurisdictional issue. I agree with you. I mean, this court has said, hey, we don't have to rule on the constitutional issue and find a different basis. But this is a little nuanced, isn't it? The issue in this case arises from a denied motion to dismiss directed at a cause of action that remains pending in the trial court. Right? Well, it's a little more nuanced than that. The appeal is from a dismissal of our counterclaim in a case that was then dismissed, totally dismissed. Now he refiled it in another, you know, he took a one-year reward. So explain to me again the set of circumstances that would permit this or any other reviewing court to entertain such an issue at this particular stage of the proceedings. What exactly are you pointing to that grants jurisdiction? I know that you argued in the appellate court, hey, you don't have to address the constitutional issue, and then went back to what opposing counsel would say was an end around to get to the fact that you had the motion to dismiss at an earlier stage, which was denied, and got that issue before the court. But what exactly are you pointing to that allows this court or the appellate court, for that matter, to have jurisdiction? Well, we have a final appeal order for the dismissal of our counterclaim. That's a final appeal order. So we're on appeal. That's for sure. That's good. Now, can we raise the concept of there's no private right of action, and therefore you do not need to reach the constitutional issue in this appeal in which you have jurisdiction? And we're citing cases like Marconi and Flynn, where the court follows the rule that if there's a con law issue presented, and certainly it was by our appeal from the dismissal of our counterclaim, that was the issue. And you've recognized many times that if we can find an issue that we can decide and avoid the con law issue, we'll do that, even if it wasn't raised below, even if it's weak. Okay. Maybe it helps to just look at the timeline. Let me just go through the timeline and tell me what I'm missing. PTI files a counterclaim seeking a declaration that 8018-101C is unconstitutional, right? The state files a motion to dismiss that counterclaim, which is granted, right? Yes. Okay. The trial court grants plaintiff's motion to voluntarily dismiss her complaint without prejudice, right? And PTI files a notice of appeal from the order granting the state's motions to dismiss its counterclaim. Now you file the notice of appeal that you've indicated based on that dismissal, and plaintiff now refiles her complaint from the trial court's order granting one of the other defendant's motions to dismiss, right? Well, they just refiled her complaint. They dismissed it themselves. Okay. It was a voluntary dismissal under 2-0. Okay. So plaintiff refiles the complaint against PTI but asks that it be stayed pending disposition of this appeal. Yes. So the complaint is filed. It's down there, right, in the trial court. And you're asking for a stay, and then the appellate court's deciding this issue. So there's nothing wrong with the fact that it's pending in the trial court when the appellate court is doing this? Well, that's a new file. I didn't appeal in that case because I think we appealed before it was refiled. That's just a refiled action. I still hadn't addressed what became a final appealable order. Once that voluntary dismissal was entered, any final orders become final in the people. That's the standard rule. So I had to appeal that. Now, if I never even brought up the idea that there's no private right of action, I would submit to this court or the appellate court, I would say, well, we want to look at that issue. We have the breach kind of issue. We think there's another ground here that we can resolve this case by looking at whether there's a private right of action. So, again, I don't think the fact that there was a denial of our motion makes any sense. Last question. Is there any import to the fact that unless you disagree with what counsel said, that PTI conceded in the appellate court that the trial court's ruling on whether that section creates a private right of action was not final and appealable? It wasn't. The denial of a motion is never final and appealable. No. But the issue is can that issue now be considered in a final appealable case challenging the constitutionality of a statute? And your case law to me is clear that, yes, if we can see something in the record that gives us a ground to avoid the con law issue, we're going to look at that. I don't care if you didn't raise it, you waived it. That's what these cases say. We're going to look to see is there some way we can avoid the con law issue. And, of course, the record showed the issue. And there was a non-final ruling on it. It didn't bind anybody. But it certainly didn't preclude the appellate court from considering the issue in the authority they have to avoid a con law issue when they can. And so that's the way we see it. And we don't see any jurisdictional issue whatsoever. But as I say, I can't assume that you agree with me. I'd love to get in and tell you why this is an unconstitutional statute. Sure. But I still have trouble with regard to establishing the standing to challenge. Because PTI is not being prosecuted for lacking under uninsured motorist coverage. And because the statute of limitations runs. So I don't know whether or not your counterclaim could even stand if you don't have standing for that. It's passed. And you don't have any threat. I would say there's three prongs of standing. Criminal prosecution is one. And your question is? The misdemeanor. Right. And your question is you're saying, well, maybe it's not in effect anymore because of limitations. The second one is just the cancellation under 5A-116 of our operating licenses. There's no limitations on that. We're under that threat continually if we comply. But thirdly, we're being impacted financially by this statute because it's obligating us to pay what was $580 a vehicle. Now it's twice that. And that's enough to give you standing. If you're being financially impacted by a statute you think is unconstitutional, that should be enough to give you standing. Now, if there's a private right of action, there shouldn't be any about standing. Because we're being sued for $250,000 on the basis of a statute we think is unconstitutional. I think the more interesting question is if we're correct, if the appellate court was correct, as we certainly believe they were, the finding that under Metzger and Fisher, this statute does not give rise to an implied private right of action. Even an implied private right of action. I mean, some statutes provide remedies, administrative review, so a person can go through that process. But there is no, this statute doesn't provide any kind of review for an individual. So it's... It provides, obviously it provides incentives for compliance. It certainly falls within the rationale of Justice Kilbride's decision in Metzger that it makes compliance likely. You've got a threat of a criminal prosecution more serious than... But here you don't have one because the statute of limitations passed. For this particular incident. Right. But you're thinking about the possibility of others? But we're talking about this case. But we certainly have the administrative remedy that would take away our operating license. There's no limitations on that. But we certainly have that. But that's not what you're talking about here. You're talking about the constitutionality of this statute. Yeah, we're kind of getting both issues mixed up. What I'm now arguing is there shouldn't be an applied right of action. There's really a second ground. The appellate court didn't get to it on an applied right of action. Counsel's already mentioned it. All the cases in which you found an applied right of action have been cases where you found a tort claim. A tort cause of action. Justice Harrison referred to a tort in the catalog. Corgan case was nuisance. Rogers case, spoilation of evidence. Sawyer fraud misrepresentation. Kelsey retaliatory discharge. We don't have anything like that here. Counsel, is it correct? Do you believe that you are foreclosed from raising a lack of a right of action below because the counterclaim was dismissed? Is that what you're telling us? No, just the opposite. We're saying because there was a constitutional issue raised in our counterclaim, that it was proper for us to raise, and for the appellate court to consider, is there another ground here where we can decide this case without getting to the common law commission? We've done it many times. And as I say, we've done it in cases where nobody raised it, where somebody said, well, I think they waived it. We said, well, okay, they waived it. But it's still within our prerogative to see if we've got a basis to decide this case and not reach the common law commission. Is this your case? That's, I mean, it seems like we fit like woods fairly well in. Is it necessary? Again, I'd love to, you had a long argument about why this is an unconstitutional statute. So that was your dilemma. You don't need to reach, I guess you do not need to reach. You don't have to reach it. You filed a couple of cases where you did reach it, even though you said, we don't have to reach it. But, you know, we've been fighting this for seven years now. I mean, this statute, to us, is likely special legislation. It carves out one narrow little group of operators of vehicles for hire, one narrow little group of passengers who ride in those, and they're not exposed to any more risk of getting in an accident with a UIN driver than anybody else on the road. So that's all the other people that ride in vehicles for hire, cabs, limos, vans, shuttles, or people that are riding in contract carriers for reasons other than employment. I mean, most people are almost subject to the same exposure as the possibility of an accident with a UIN driver. The real irony of this case is that this group that's been carved out is the one group that has a remedy, that has a benefit that's available for them for this kind of a situation. If you're an employee, you've got workers' comp. Railroad employees don't have workers' comp, but what they have, it's in the record, is an off-track vehicle accident provision in their labor agreement for just this kind of accident, where they get lost wages, they get medical expenses. So it's funny that it's ironic that they carve out, with no reason to do so, that does have built-in protections, does have benefits that they can obtain for this kind of an accident. All the other people that are out there that aren't covered by this, they wouldn't have any benefits if they were struck by an uninsured driver. We just think it's arbitrary, it's discriminatory, without any reasonable basis, certainly no reasonable basis to need legitimate state interest. If the idea of the state is that we need higher U.N. limits, well then that's something for a general law. Either all vehicles, or at least all vehicles that are being operated, calling passengers for help. Not one little group like this that already has that. Thank you, Mr. Griffith. Mr. Steele, can I ask a question? I've got charts. I'm trying to figure out where it's going on. I think I understand, but I have a question. So Carmichael sues PTI. PTI files a motion to dismiss, deny. PTI files a condemnation motion. Carmichael. Carmichael files a motion to dismiss, granted.  Plaintiff, Carmichael, dismisses. Pardon? It was our motion to dismiss. So that's right. The State Secretary of State. But the defense side files a motion to dismiss, which is granted. The plaintiff dismisses the whole thing, and the defendant, who is the plaintiff in the counterclaim, PTI, their counterclaim was dismissed. They file a notice of appeal. Why doesn't the appellate court have jurisdiction over the dismissal of the counterclaim? Because finality is not the only threshold to consider in determining jurisdiction. For this reason, the counterclaim should also be viewed within the framework of the court's decision in Carlisle. You have to look at whether it's an independent claim or whether it's just an issue. Mr. Griffin has conceded that he would have had standing to bring this constitutional claim against the Secretary to avoid the fear of prosecution or the financial burdens that he mentions, regardless of whether there was a leader on the claim. So we shouldn't be looking at the finality. That's one aspect of it. Yes or no? We should not look at finality? Yes, but the case 3048 would follow us from that. Let's stick with finality, okay? All right. Just assume we're just looking at the chart, a nice little handwritten chart. PTI, Suze Carmichael, Secretary of State in Ravines, the defendants move to dismiss. It's granted. The whole case is dismissed. And the losing party here, their counterclaim was dismissed. Generally, we would think that that's a final order that's appealed, correct? Not under Eichner or North Community Bank. But those cases, those appellate court cases, hold that Rule 3048 language is required. And in those cases. Even when the whole case is dismissed? Yes. Well, there were remaining claims in those cases. Is there anything remaining after the voluntary dismissal of this case? It's the case that's sitting in the circuit court, Your Honor. But we're talking about back in the day, not what's happening now. Back in the day, the entire case is dismissed. How could – why would the defendant choose to file a 304A when the whole case is dismissed, his case was dismissed, he wants to appeal? When would he ever have a chance to appeal? To avoid a claim split. Because that's the situation we're in now. We have a case apart from the circuit court involving the same cause of action. And that case was filed after the notice of appeal was filed. To me, this is how I see this. This is a counterclaim. Straight up, this is how it works. The case was dismissed. The person who lost has a right to appeal. It's a final order. It goes before the appellate court. The trick here is the appellate court didn't decide it on the issue in front of it, but rather chose to decide the case on the non-final order. And that's the place we're stuck. But we have to go back to purposes and rationale for the 304A. That is the view of the circuit. The case is in the circuit court, the gatekeeper, to avoid claim splitting. When would the defendant have filed a 304A? After the case was dismissed? In January of 2015, the circuit court granted our motion to dismiss the counterclaim and there were claims pending. For a second, when the litigation ended, upon voluntary dismissal, before the action would be filed. So after the case is dismissed, you have to file a 304A? Yes, because the purpose of the 304A was to avoid claim splitting. And we have this court being asked to decide a constitutional question, a right of action, and both of those issues are some combination and recur from the circuit court proceeding that is going to take off some of the action in this case. So the defendant would have had to file a 304A, even if the plaintiff had never refiled. The cases are not entirely clear on the situation. We don't know whether the voluntary dismissal rule of Hudson and Richter which says that all filing claims, now the current appealable, includes this type of counterclaim. But this court's jurisprudence on counterclaims focuses on the connection of that counterclaim to something else. Does it stand independently? Is it intrinsically related? Or is it a discrete action? And what we have here is the linear opposite of the opposite claim that corresponds to the underlying claim. Counsel, I see your time is running out. But the 304A argument is only part of your argument. And Justice Tice touched on the other portion that says the appellate court here found the basis to be the denial of the motion to dismiss that we've been talking about. What is the difference? Because Mr. Griffin's right, right? This court has said, oh, this did not have to be, in different cases, this did not have to be determined on the constitutional issue and found another basis, right, to rule. What's the difference between that and what happened in this case? The key difference, Your Honor, is that in our case, it was a denial of the motion to dismiss. I don't believe that was a situation in Marconi or Flynn. And the argument that this court can affirm for any basis in the record is an attempt to import into this jurisdictionally flawed vehicle the idea that one could overdo any basis in support. That's not what we have here. That's the statement. Would you say that again? The distinction, Your Honor, is that the cases cited by the citizen counsel to my recollection do not involve the basis for the appellate court decision to deny the motion to dismiss. Counsel talked about waiver and forfeiture of issues not raised. Things change when a party files a motion to dismiss and the trial court denies that motion to dismiss. There are jurisdictional consequences that flow from that. And the appellate reviewing court should not reach a decision that comes to the court in that fashion. If the court has no further questions, we ask this court to dismiss the appeal, vacate the appellate court, and find an appeal later. Thank you, Your Honor. Thank you. Clerk, Mr. Bishop, you have three full three minutes. Mr. Bishop, reply. To talk about the elephant in the room, I tried to conduct an evidence deposition of a treater. Her records were not in the archives. So I had to go. We were set for trial the next week or whatever. Counsel even agreed with me. Can we have a continuance to get this doctor's deposition? Absolutely not. You're going to trial. That's when I voluntarily not sued the case. Shortly after, I refiled. But I was told by counsel that, okay, we've got to file our appeal, and that's what happened. The appellate court decided whether or not to cite it against me on the private right of action. And after that happened, that's why I'm here. Now, counsel mentioned something about Fisher and Metzcott. This court decided, Metzcott and Fisher, and said we are not going to expand the common law of retaliatory discharge. So even though the court says we're just going to be really tight on this, the court still said there is still a private right of action. Are there any other questions? Seeing none. Thank you. Thank you. Case number 123853, Carmichael v. Professional Transportation, Inc., will be taken under advisement as agenda number five. Mr. Bishop, Mr. Siegel, Mr. Griffin, we thank you for your arguments this morning. You are excused.